| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Frank X Ruggier<br>15545 Devonshire Street<br>Suite 110<br>Mission Hills, CA 91345<br><br>818-796-3529<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

| In re:<br><br>Magdalena Soledad Mendoza<br><br><br><br>Debtor(s). | CASE NO.: 6:20-bk-11045-WJ<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 6:21-ap-01089-WJ |
|---|---|
| Larry D. Simons, Chapter 7 Trustee<br><br>Plaintiff(s)<br>Versus<br>Evaristo Salgado, Jr.<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **08/23/2021.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
    Date:                October 14, 2021
    Time:                10:30 AM
    Hearing Judge:       Wayne E. Johnson
    Location:            3420 Twelfth St., Crtrm 304, Riverside, CA 92501

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*      Page 1      **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                                        **KATHLEEN J. CAMPBELL**
                                                        **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>July 23, 2021</u>

                                                        By: _____"s/" Susan Hawkinson_____
                                                                Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 2                    F 7004-1.SUMMONS.ADV.PROC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____   _____
Date              Printed Name              Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                    **F 7004-1.SUMMONS.ADV.PROC**

Frank X. Ruggier CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorney for Larry D. Simons, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>MAGDALENA SOLEDAD MENDOZA,<br><br>Debtor. | Case No. 6:20-bk-11045-WJ<br><br>Adv. Proc. No.<br><br>Chapter 7 |
| LARRY D. SIMONS, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>EVARISTO SALGADO, JR., an individual,<br><br>Defendant, | **COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER, (2) PRESERVATION OF PREFERENTIAL TRANSFER AND (3) DISALLOWANCE OF CLAIM**<br><br>[11 U.S.C. §§ 547, 550, 551 and 502(d)]<br><br>DATE: TO BE SET BY SUMMONS<br>TIME: TO BE SET BY SUMMONS<br>PLACE: Courtroom 304<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

For his Complaint for (1) Avoidance and Recovery of Preferential Transfers, (2) Preservation of Preferential Transfers, and (3) Disallowance of Claim (the "Complaint"), plaintiff, Larry D. Simons, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee or "Plaintiff") for the estate of Magdalena Soledad Mendoza (the "Debtor") hereby alleges and avers as follows:

1

COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER, (2)

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (F). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a) and because this is a civil proceeding arising in and/or related to the Debtor's chapter 7 case, styled <u>In re Magdalena Soledad Mendoza</u>, bearing Bankruptcy Case No. 6:20-bk-11045-WJ, currently pending in the Riverside Division of the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case").

2. Plaintiff, Larry D. Simons (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting chapter 7 trustee of the bankruptcy estate (the "Estate") created in the instant chapter 7 Bankruptcy Case.

3. Debtor, Magdalena Soledad Mendoza (the "Debtor") is the chapter 7 debtor in the Bankruptcy Case, and initiated this case by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on February 20, 2020 (the "Petition Date").

## PARTIES

4. Plaintiff brings this action solely in his capacity as Trustee for the benefit of the estate and its creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the petition was filed.

5. Plaintiff was appointed after the filing of the Debtor's chapter 7 case. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to his appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves his right to amend this Complaint to allege additional claims against the Defendant and to challenge and recover transfers made to or for the benefit of the Defendant in addition to those transfers alleged in this Complaint.

6. Defendant Evaristo Salgado, Jr. (the "Defendant") is an individual residing within the jurisdiction of this Court. At all relevant times, the Defendant was for whose benefit certain of the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers. The Defendant is the brother of the Debtor.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

7. Plaintiff is informed and believes and, on that basis alleges thereon, that the Debtor made a transfer of property to the Defendant on or within one year prior to the Petition Date, in the form of a payment to the Defendant, in the amount of $5,500.00 (the "Subject Transfer").

## FIRST CLAIM FOR RELIEF

**(Avoidance of Preferential Transfer Pursuant to 11 U.S.C. § 547(b))**

8. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 7 as though set forth in full.

9. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfer was made to the Defendant for the benefit of the Defendant, who was a creditor of the Debtor at the time of the Subject Transfer as the term "creditor" is defined by 11 U.S.C. § 101(10).

10. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfer was a transfer of interest of the Debtor in property.

11. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Subject Transfer was made.

12. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfer was made while the Debtor was insolvent.

13. Plaintiff is informed and believes and, on that basis alleges thereon, that the Subject Transfer enabled the Defendant to receive more than the Defendant would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the respective transfer had not been made; and (c) the Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

14. Interest on the Subject Transfer has accrued and continues to accrue from the date the Subject Transfer was made.

15. Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Subject Transfer is avoided pursuant to 11 U.S.C. § 547(b).

## SECOND CLAIM FOR RELIEF

**(For Recovery of Property Pursuant to 11 U.S.C. § 550)**

16. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 15 as though set forth in full.

17. Plaintiff is informed and believes and, on that basis alleges thereon, that Plaintiff is entitled to avoid the Subject Transfer under 11 U.S.C. § 547(b). As the Defendant is the initial transferee of the Subject Transfers, or the individual or entity for whose benefit the Subject Transfer was made, or is the immediate or mediate transferee of the initial transferee receiving such Subject Transfer, Plaintiff is entitled to recover for the Estate the proceeds or value of the Subject Transfer under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

**(For Preservation of Avoided Transfer Pursuant to 11 U.S.C. § 551)**

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 17 as though set forth in full.

19. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b), including the Subject Transfer, for the benefit of the Estate.

## FOURTH CLAIM FOR RELIEF

**(For Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))**

20. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 as though set forth in full.

21. Plaintiff is informed and believes and, on that basis alleges thereon, that the Defendant may assert a claim against the Debtor's estate.

22. Pursuant to 11 U.S.C. § 502(d), Plaintiff requests that any claim asserted by the Defendant be disallowed for Defendant's failure to repay the Subject Transfer.

4

COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFER, (2)

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

## ON THE FIRST CLAIM FOR RELIEF

1. For a judgment that the Subject Transfer is avoidable as preferential transfer under 11 U.S.C. § 547(b).

## ON THE SECOND CLAIM FOR RELIEF

2. For a judgment that the Estate is entitled to recover the Subject Transfer or the value thereof under 11 U.S.C. § 550.

## ON THE THIRD CLAIM FOR RELIEF

3. For a judgment that the Estate is entitled to preserve any transfer avoided under 11 U.S.C. § 547(b), including the Subject Transfer, for the benefit of the Estate.

## ON THE FOURTH CLAIM FOR RELIEF

4. For a judgment disallowing any claim of the Defendant against the Debtor's Estate pursuant to 11 U.S.C. § 502.

## ON ALL CLAIMS FOR RELIEF:

5. For interest as permitted by law from the date of the Subject Transfer;

6. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

Dated: July 22, 2021

LAW OFFICES OF LARRY D. SIMONS

_____
Frank X. Ruggier
Attorney for Plaintiff, Larry D. Simons, Chapter 7 Trustee

Frank X. Ruggier, CLS-B (CA Bar No. 198863)
*frank@lsimonslaw.com*
**LAW OFFICES OF LARRY D. SIMONS**
15545 Devonshire Street, Suite 110
Mission Hills, California 91345
Telephone: 818.672.1778
Facsimile: 626.389.5607

Attorney for Plaintiff
Larry D. Simons, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

| | |
|---|---|
| In re<br>MAGDALENA SOLEDAD MENDOZA,<br>Debtor. | Case No. 6:20-bk-11045-WJ<br>Chapter 7 |
| LARRY D. SIMONS, Chapter 7 Trustee,<br>Plaintiff,<br>v.<br>EVARISTO SALGADO, JR., an individual,<br>Defendant. | Adv. Proc. No. 6:21-ap-01089-WJ<br>**NOTICE OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 7026-1**<br>STATUS CONFERENCE<br>DATE: October 14, 2021<br>TIME: 10:30 a.m.<br>PLACE: Courtroom 304<br>United States Bankruptcy Court<br>3420 Twelfth Street<br>Riverside, CA 92501 |

**TO THE ABOVE-NAMED DEFENDANT AND HER COUNSEL, IF ANY:**

**PLEASE TAKE NOTICE** that compliance with Local Bankruptcy Rule 7026-1, regarding early meeting of counsel, is required with respect to the above-referenced adversary proceeding. A copy of this Local Bankruptcy Rule is attached hereto as Exhibit 1.

Dated: July 26, 2021

**LAW OFFICES OF LARRY D. SIMONS**

Frank X. Ruggier
Attorney for Larry D. Simons, Chapter 7 Trustee

---

1
NOTICE OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 7026-1

(2) <u>Other Parties</u>. Any party other than plaintiff who has not received plaintiff's proposed pretrial stipulation within the time limits set forth in subsection (c) of this rule must prepare, file, and serve at least 14 days prior to the trial or pretrial conference, if one is ordered, a declaration attesting to plaintiff's failure to prepare and serve a proposed pretrial stipulation in a timely manner.

(f) **<u>Sanctions for Failure to Comply with Rule</u>.** In addition to the sanctions authorized by F.R.Civ.P. 16(f), if a status conference statement or a joint proposed pretrial stipulation is not filed or lodged within the times set forth in subsections (a), (b), or (e), respectively, of this rule, the court may order one or more of the following:

(1) A continuance of the trial date, if no prejudice is involved to the party who is not at fault;

(2) Entry of a pretrial order based conforming party's proposed description of the facts and law;

(3) An award of monetary sanctions including attorneys' fees against the party at fault and/or counsel, payable to the party not at fault; and/or

(4) An award of non-monetary sanctions against the party at fault including entry of judgment of dismissal or the entry of an order striking the answer and entering a default.

(g) **<u>Failure to Appear at Hearing or Prepare for Trial</u>.** The failure of a party's counsel (or the party, if not represented by counsel) to appear before the court at the status conference or pretrial conference, or to complete the necessary preparations therefor, or to appear at or to be prepared for trial may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against the defaulting party either with respect to a specific issue or as to the entire proceeding, or the proceeding may be dismissed.

## LBR 7026-1. <u>DISCOVERY</u>

(a) **<u>General</u>.** Compliance with FRBP 7026 and this rule is required in all adversary proceedings.

(1) <u>Notice</u>. The plaintiff must serve with the summons and complaint a notice that compliance with FRBP 7026 and this rule is required.

(2) <u>Proof of Service</u>. The plaintiff must file a proof of service of this notice together with the proof of service of the summons and complaint.

(b) **<u>Discovery Conference and Disclosures</u>.**

(1) <u>Conference of Parties</u>. Unless all defendants default, the parties must conduct the meeting and exchange the information required by FRBP 7026 within the time limits set forth therein. Unless otherwise ordered, the initial status conference

LBR 7026-1

constitutes the "scheduling conference" referred to in FRCP 26(f)(1) (incorporated by FRBP 7026).

(2) <u>Joint Status Report</u>. Within 7 days after such meeting, the parties must prepare a joint status report containing the information set forth in LBR 7016-1(a)(2). The joint status report will serve as the written report of the meeting required by FRBP 7026.

(c) **<u>Failure to Make Disclosures or Cooperate in Discovery</u>**.

(1) <u>General</u>. Unless excused from complying with this rule by order of the court for good cause shown, a party must seek to resolve any dispute arising under FRBP 7026-7037 or FRBP 2004 in accordance with this rule.

(2) <u>Meeting of Parties</u>. Prior to the filing of any motion relating to discovery, the parties must meet in person or by telephone in a good faith effort to resolve a discovery dispute. It is the responsibility of the moving party to arrange the conference. Unless altered by agreement of the parties or by order of the court for cause shown, the opposing party must meet with the moving party within 7 days of service upon the opposing party of a letter requesting such meeting and specifying the terms of the discovery order to be sought.

(3) <u>Moving Papers</u>. If the parties are unable to resolve the dispute, the party seeking discovery must file and serve a notice of motion together with a written stipulation by the parties.

(A) The stipulation must be contained in 1 document and must identify, separately and with particularity, each disputed issue that remains to be determined at the hearing and the contentions and points and authorities of each party as to each issue.

(B) The stipulation must not simply refer the court to the document containing the discovery request forming the basis of the dispute. For example, if the sufficiency of an answer to an interrogatory is in issue, the stipulation must contain, verbatim, both the interrogatory and the allegedly insufficient answer, followed by each party's contentions, separately stated.

(C) In the absence of such stipulation or a declaration of a party of noncooperation by the opposing party, the court will not consider the discovery motion.

(4) <u>Cooperation of Parties; Sanctions</u>. The failure of any party either to cooperate in this procedure, to attend the meeting of parties, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of parties will result in the imposition of sanctions, including the sanctions authorized by FRBP 7037 and LBR 9011-3.

(5) <u>Contempt</u>. LBR 9020-1 governing contempt proceedings applies to a discovery motion to compel a non-party to comply with a deposition subpoena for testimony and/or documents under FRBP 7030 and 7034.

## LBR 7026-2. **DISCOVERY DOCUMENTS – RETENTION, FILING, AND COPIES**

(a) **Retention by Propounding Party.** The following discovery documents and proof of service thereof must not be filed with the clerk until there is a proceeding in which the document or proof of service is in issue:

(1) Transcripts of depositions upon oral examination;
(2) Transcripts of depositions upon written questions;
(3) Interrogatories;
(4) Answers or objections to interrogatories;
(5) Requests for the production of documents or to inspect tangible things;
(6) Responses or objections to requests for the production of documents or to inspect tangible things;
(7) Requests for admission;
(8) Responses or objections to requests for admission;
(9) Notices of Deposition, unless filing is required in order to obtain issuance of a subpoena in another district; and
(10) Subpoena or Subpoena Duces Tecum.

(b) **Period of Retention for Discovery Documents.** Discovery documents must be held by the attorney for the propounding party pending use pursuant to this rule for the period specified in LBR 9070-1(b) for the retention of exhibits, unless otherwise ordered by the court.

(c) **Filing of Discovery Documents.**

(1) When required in a proceeding, only that part of the document that is in issue must be filed with the court.

(2) When filed, discovery documents must be submitted with a notice of filing that identifies the date, time, and place of the hearing or trial in which it is to be offered.

(3) Original deposition transcripts are treated as trial exhibits and must be delivered to the judge for use at the hearing or trial. The original deposition transcript and a copy must be lodged with the clerk pursuant to LBR 7030-1(b).

(d) **Copies of Discovery Documents.**

(1) Unless an applicable protective order otherwise provides, any entity may obtain a copy of any discovery document described in subsection (a) of this rule by making a written request therefor to the clerk and paying duplication costs.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15545 Devonshire Street, Suite 110, Mission Hills, CA 91345

A true and correct copy of the foregoing documents entitled:

**1) SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING;
2) COMPLAINT FOR AVOIDANCE, RECOVERY AND PRESERVATION OF PREFERENTIAL TRANSFER AND DISALLOWANCE OF CLAIM; and
3) NOTICE OF COMPLIANCE WITH LOCAL BANKRUPTCY RULE 7026-1**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **07/27/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Frank X Ruggier:** frank@ruggierlaw.com, enotice@pricelawgroup.com
**Larry D Simons (TR):** larry@lsimonslaw.com, c119@ecfcbis.com, nancy@lsimonslaw.com, cynthia@lsimonslaw.com, simonsecf@gmail.com, kareng@lsimonslaw.com
**United States Trustee (RS):** ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **07/27/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendant:** Evaristo Salgado, Jr., 3296 Laurel Drive, Riverside, CA 92509

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/27/2021 | Karen Green | /s/ Karen Green |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**